**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**BERNARD J. MOORE,**

    **Plaintiff,**

vs.                                          Case No. 4:18cv104-MW/CAS

**CORIZON HEALTH CORP., et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, was directed to file a second amended complaint. ECF No. 18. That Order explained to Plaintiff why his amended complaint, ECF No. 9, was insufficient and what more he must allege to present a plausible claim.

Plaintiff has now file a second amended complaint, ECF No. 19, and that version of his complaint has now been reviewed as required by 28 U.S.C. § 191A. Plaintiff alleges that he injured his "arm/shoulder" on February 6, 2016, when he slipped and fell in the bathroom of his dormitory at Wakulla Correctional Institution. ECF No. 19 at 6, 7. Plaintiff complains

that staff did not "provide the proper medical assistance" to him and none of the staff ordered an "M.R.I. to try to find the problems wrong with Plaintiff's arm . . . ." *Id.* at 6. He states that he was only given a sling for his arm. *Id.*

Plaintiff alleges that Defendant Copeland-Williams knew about his injury because she responded to Plaintiff's grievance. *Id.* at 7. He does not, however, provide any allegations demonstrating what this Defendant did, or failed to do, other than claim that she did not "try to see the plaintiff to check the damage done to his body . . . ." *Id.*

Plaintiff also contends that he filed two grievances which were addressed by Defendant Tanner. ECF No. 19 at 7. Defendant Tanner responded to his grievances and advised him to "check the call out to consult about the issue." *Id.* However, Plaintiff alleges that he was not placed on a call out to be provided medical care. *Id.* Plaintiff does not allege any additional facts against Defendant Tanner.

Plaintiff makes a conclusory allegation that Corizon "through its policies, procedures, and/or customs," has subjected him to pain and suffering. That assertion is not supported by any specific facts, nor does

Plaintiff identify any policy, custom, or procedure.  The claim against Corizon is conclusory only, which is not sufficient to state a claim.

Finally, Plaintiff has named Dr. Ortiz as a Defendant in this case. ECF No. 19.  The only allegation concerning that Defendant's involvement is that the Defendant "signed off on the response to" Plaintiff's formal grievance.  *Id.* at 8.  Plaintiff did not allege that Defendant Ortiz failed to provide him medical care.

As Plaintiff was previously advised, it is not sufficient to allege that his constitutional rights were violated because he did not receive an M.R.I. *See* ECF No. 18.  Plaintiff has not otherwise provided any facts which demonstrate that a Defendant violated his rights.

The Eighth Amendment of the United States Constitution requires that prisoners be provided treatment for their serious medical needs. Failing to provide treatment because a defendant is "deliberately indifferent" to a prisoner's plight results in cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). However, Plaintiff has not provided factual allegations which demonstrate a a serious medical need.  Such a "need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a

lay person would easily recognize the necessity for a doctor's attention." Hill v. Dekalb Regional Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994), abrogated on other grounds by Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002). In the alternative, "a serious medical need is determined by whether a delay in treating the need worsens the condition" or "if left unattended, poses a substantial risk of serious harm." Mann v. Taser Intern., Inc., 588 F.3d 1291, 1307 (11th Cir. 2009) (citing Hill, 40 F.3d at 1188-89, and Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)). Plaintiff's second amended complaint does not allege facts showing his arm or shoulder injury amounts to a "serious medical need."

Moreover, Plaintiff has not alleged facts showing that a Defendant was deliberately indifferent to his needs. Deliberate indifference is a culpable state of mind of a Defendant to unnecessarily and wantonly inflict pain or harm to a prisoner by depriving him of a basic human need. Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). To state an Eighth Amendment claim for the denial of medical care, a prisoner must provide factual allegations showing: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those

facts." Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000), *cert. denied* 531 U.S. 1077 (2001); Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). Plaintiff has not provided facts to support his claim but, rather, he has made conclusory assertions only.  Furthermore, he indicates only that Defendants responded to his grievances.  That is not a sufficient basis for an Eighth Amendment claim.  Plaintiff has not shown that he was unable to obtain medical care through "sick call" and he has not alleged that any named Defendant refused to examine him or treat him in the medical clinic. A generic claim that a Defendant denied a grievance is insufficient to support an Eighth Amendment claim against that Defendant.

A "simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" will not support an Eighth Amendment claim for cruel and unusual punishment. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)).  For example, in Estelle, the prisoner received treatment for his back injury (bed rest, muscle relaxants and pain relievers), but complained that more should have been done in the way of diagnosis, such as an X-ray or other tests.  The Court rejected this as a basis for liability:

> But the question whether an X-ray--or additional diagnostic techniques or forms of treatment--is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.

429 U.S. at 107, 97 S. Ct. at 293. Here, Plaintiff has done nothing more than allege that he has not received an M.R.I. Furthermore, there are no allegations which reveal that the named Defendants were responsible for requesting an M.R.I., but did not do so. Plaintiff's claims are insufficient under Estelle and this case should be summarily dismissed.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 19, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on November 13, 2018.

        S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:18cv104-MW/CAS

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.